IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **TODD SURTA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JURY DEMANDED** |
| **CITY OF ST. CHARLES**, | ) | |
| a municipal corporation, | ) | |
| **OFFICER SHEETS**, **OFFICER BAHE** | ) | |
| and **OFFICER KRUPKE** | ) | |
| City of St. Charles police officers, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Todd Surta, by and through his attorneys,

Dvorak Law Offices, LLC, and complains against the City of St. Charles, and its

Police Officers Sheets, Bahe and Krupke, stating the following:

### Jurisdiction/Venue

1. This incident occurred on or about July 6, 2017 in St. Charles, Kane County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

<u>Parties</u>

4.   The Plaintiff, Todd Surta, is a resident of the City of St. Charles, located in Kane County and DuPage County in Illinois.

5.   Defendant City of St. Charles is a municipal corporation and, at all times relevant to this Complaint, it was the principal employer of the Defendant Officers Sheets, Bahe and Krupke, all of whom were acting under color of law and in the scope of their employment with Defendant City of St. Charles as duly sworn police officers.  These officers are collectively known as "Defendant Officers" in this complaint.

<u>Facts</u>

6.   On July 6, 2017, the Plaintiff was with his family in his home near the Fox River in the City of St. Charles when two boats collided in the river.

7.   The Plaintiff and his son headed to the river with their own boat to see what happened and to help anyone who may have been injured.

8.   When they reached the accident, they recognized one of the boats as belonging to a close acquaintance who docked his boat at their home.

9.   The Plaintiff saw that the owner of the boat and one of the two passengers were on the shore, but the third passenger was nowhere to be found.

10.  She had been thrown from the boat, and the Plaintiff saw that her leg had been severed and she required a tourniquet and immediate medical assistance.

11.  The Plaintiff called 911 and let them know what was happening.

12.  He remained on the phone with them for approximately 13 minutes until

responders, including the Defendant Officers, arrived at the scene of the accident.

13. When the police arrived, the Plaintiff pointed them in the direction of the injured woman in the river letting them know of the severity of her condition.

14. The Plaintiff spoke with Defendant Officer Sheets who ignored him and yelled at him and told him to "Get out of here," while leaving the injured woman in the water.

15. The Plaintiff left, walking about 200 feet away to check on the owner of the boat, who was a close acquaintance and who was in shock from the accident.

16. Officer Sheets saw that the Plaintiff was still present in the area and came over to him and began to yell at him again, even though the Plaintiff was not interfering in any way.

17. Defendant Officer Sheets, without any provocation, shoved the Plaintiff to the ground.

18. Defendant Officers Bahe and Krupke were present when Officer Sheets pushed the Plaintiff to the ground and did nothing to stop him.

19. As a result of the actions of the Defendants, the Plaintiff suffered a loss of freedom, emotional and physical damages, reputational damages, and pecuniary damages, including but not limited to attorneys' fees and economic damages.

20. Within 24 hours of his arrest, newspaper stories came out which painted the Plaintiff in a negative light, accusing him of being an interfering bystander

who had no connection to the parties involved in the crash.

21. As a result of these articles, the Plaintiff, a major business owner in the area, suffered significant financial losses due to damage to his reputation.

22. In addition to the damage to his reputation, the pending criminal charges effected the Plaintiff's ability to conduct his business, as he was unable to secure financial deals with a pending criminal charge.

23. The case against the Plaintiff was dismissed *nolle prosequi* on May 25, 2018, in a manner consistent with his innocence.

**Count I:**
**§ 1983 False Arrest/Failure to Intervene Prevent False Arrest**
**Plaintiff v. All Defendant Officers**

24. Each of the previous paragraphs is fully reinstated here.

25. As described above, the individual Defendant Officers, without legal justification, caused the Plaintiff to be arrested and/or caused the continuation of the false arrest, without probable cause or any other legal justification.

26. Each of the Defendant Officers knew there was no probable cause for the arrest of the Plaintiff, and each of them had a reasonable opportunity to prevent the false arrest, but failed to take any steps to prevent this from happening.

27. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

28. The above actions denied the Plaintiff of his Fourth Amendment right to be free from unlawful searches and seizures.

**Count II:**
**Excessive Force/Failure to Intervene to Prevent Excessive Force**

### Plaintiff v. All Defendant Officers

29. Each of the previous Paragraphs is reinstated herein.

30. As described above, the Defendant Officers, without legal justification, caused the Plaintiff to be subject to excessive and unreasonable force and/or were in a position to prevent other police officers from using excessive force, in violation of his rights under the Fourth Amendment of the United States Constitution.

31. The Defendant Officers had a realistic opportunity to prevent the use of force, but each failed to do so.

32. As a result of the Defendant Officers' conduct, the Plaintiff suffered damages, including but not limited to those described above.

### Count III:
### Malicious Prosecution
### Plaintiff v. City of St. Charles

33. Each of the previous paragraphs is reinstated herein.

34. As described above, the City of St. Charles, including but not limited to the Defendant Officers, employees of the Defendant City of St. Charles, acting without probable cause or legal justification, acting in the course and scope of their employment with the Defendant City, caused the Plaintiff to be maliciously prosecuted in the circuit court in Kane County.

35. The City of St. Charles is liable based on the theory of *respondeat superior*.

36. There was no probable cause for this prosecution.

37. Each of the Defendant Officers played a significant role in the prosecution of the Plaintiff.

38. The charges were dismissed against the Plaintiff in a manner consistent with the innocence of the Plaintiff.

39. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

**Count IV:**
**Indemnification**
**Plaintiff v. City of St. Charles**

40. Each of the previous paragraphs is reinstated herein.

41. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42. Defendant City of St. Charles is the indemnifying entity for the actions of the individual Defendants described herein who took their actions while under color of law and in the course and scope of their employment with the municipalities.

43. Thus, the Plaintiff seeks indemnification from the City of St. Charles for any judgment obtained against the Defendant Officers.

**Request for Relief**

WHEREFORE the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers, and grant any other equitable relief this Court deems just and appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.


Date: July 3, 2019

                                        Respectfully submitted,

                                        By: s/ Richard Dvorak
                                        Richard Dvorak,
                                        An Attorney for the Plaintiff

Richard Dvorak
Mariam Hai
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com
mariam.hai@civilrightsdefenders.com